**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

2016 JUL -1  PM 3: 18

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| VOXX INTERNATIONAL CORP., | ) |
| | ) |
| Plaintiffs, | ) Cause No.: |
| | ) |
| vs. | ) **JURY TRIAL DEMANDED** |
| | ) |
| JOHNSON SAFETY, INC. | ) |
| | ) 1:16-cv- 1780 LJM -MJD |
| Defendant. | ) |
| | ) |

**COMPLAINT**

Plaintiffs VOXX International Corp. ("VOXX"), for its Complaint against Defendant

Johnson Safety, Inc. ("JSI"), hereby alleges as follows:

**NATURE OF THE ACTION**

1.      This is an action under the Patent Act, 35 U.S.C. §§ 1, et seq., for patent infringement.

**PARTIES**

2.      VOXX is a corporation organized and existing under the laws of the State of Delaware,

and has a business address in Indiana of 3502 Woodview Trace, Suite 200, Indianapolis, IN

46268.

3.      Upon information and belief, JSI is a California corporation with its corporate

headquarters and principal place of business at 1425 Cooley Ct., San Bernardino, CA  92408.

**JURISDICTION AND VENUE**

4.      This is an action under the Patent Act, 35 U.S.C. §§ 1, et seq., for patent infringement,

particularly §§ 271, 281, 283, 284, and 285.

5.      This Court has subject matter jurisdiction over these claims for patent infringement

pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      Upon information and belief, this Court has personal jurisdiction over JSI because, *inter alia*, JSI has committed, or aided, abetted, contributed to, or participated in, acts of patent infringement in the State of Indiana and in this Judicial District and has sold products complained of herein in this Judicial District.

7.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400 because, *inter alia*, upon information and belief JSI transacts business in this Judicial District by offering for sale and selling products complained of herein in Indiana, JSI is subject to personal jurisdiction in this Judicial District, and a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District, and VOXX is located in and being damaged in this Judicial District.

## BACKGROUND

8.      For over 50 years, VOXX has been a leading global manufacturer and supplier of consumer electronic products in the automotive, premium audio and consumer accessory industry.

9.      VOXX has developed a broad range of products sold under a portfolio of over 30 well-known consumer brands such as Klipsch®, RCA®, Audiovox®, Magnet®, Heco®, Acoustic Research®, and automotive Original Equipment Manufacturer ("OEM") brands such as Hirschmann Car Communication®, Invision® and Code-Alarm®.

10.      VOXX has spent millions of dollars in research and product development and two product lines that it has developed consist of overhead video units that can be mounted to the ceilings of vehicles and headrest video units that are positioned in vehicle headrests.

11.      VOXX has a substantial patent portfolio covering a broad range of innovations it has made in connection with overhead and headrest video units for passenger vehicles.

## VOXX PATENTS

### U.S. Patent No. 7,653,345

12.     On January 26, 2010, United States Patent No. 7,653,345, entitled "Entertainment System for Use in a Vehicle" (the "'345 Patent"), was duly and legally issued by the United States Patent & Trademark Office ("USPTO").  A true and correct copy of the '345 Patent is attached hereto as Exhibit A.

13.     Pursuant to 35 U.S.C. § 282, the '345 Patent is presumed valid.

14.     VOXX is the owner of all right, title, and interest in and to the '345 Patent.

15.     Prior to filing this action, VOXX complied with the marking requirements pursuant to 35 U.S.C. § 287(a) and is entitled to recover for past damages for JSI's infringement of the '345 Patent.

### U.S. Patent No. 8,255,958

16.     On August 28, 2012, United States Patent No. 8,255,958, entitled "Automobile Entertainment System Linking Multiple Video Systems for Coordinated Sharing of Video Content" (the "'958 Patent"), was duly and legally issued by the USPTO.  A true and correct copy of the '958 Patent is attached hereto as Exhibit B.

17.     Pursuant to 35 U.S.C. § 282, the '958 Patent is presumed valid.

18.     VOXX is the owner of all right, title, and interest in and to the '958 Patent.

19.     Prior to filing this action, VOXX complied with the marking requirements pursuant to 35 U.S.C. § 287(a) and is entitled to recover for past damages for JSI's infringement of the '958 Patent.

**U.S. Patent No. 9,114,745**

20.     On August 25, 2015, United States Patent No. 9,114,745, entitled "Portable Video System" (the "'745 Patent"), was duly and legally issued by the USPTO.  A true and correct copy of the `745 Patent is attached hereto as Exhibit C.

21.     Pursuant to 35 U.S.C. § 282, the `745 Patent is presumed valid.

22.     VOXX is the owner of all right, title, and interest in and to the `745 Patent.

23.     Prior to filing this action, VOXX complied with the marking requirements pursuant to 35 U.S.C. § 287(a) and is entitled to recover for past damages for JSI's infringement of the `745 Patent.

**U.S. Patent No. 9,348,368**

24.     On May 24, 2016, United States Patent No. 9,348,368, entitled "Entertainment Apparatus" (the "'368 Patent"), was duly and legally issued by the USPTO.  A true and correct copy of the `368 Patent is attached hereto as Exhibit D.

25.     Pursuant to 35 U.S.C. § 282, the `368 Patent is presumed valid.

26.     VOXX is the owner of all right, title, and interest in and to the `368 Patent.

27.     Prior to filing this action, VOXX complied with the marking requirements pursuant to 35 U.S.C. § 287(a) and is entitled to recover for past damages for JSI's infringement of the `368 Patent.

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. 7,653,345**

28.     VOXX repeats and realleges each and every averment contained in paragraphs 1-27 above as though fully set forth herein.

29.     JSI has been and is now making, using, selling, offering for sale within the United States, and/or importing into the United States, at least the following video systems: SDM107, SDM108, SDM185, KHDM7, and upon information and belief other video systems (collectively the "Accused Video Systems"), that infringe one or more claims of the `345 Patent.

### Direct Infringement

30.     JSI has directly infringed and continues to directly infringe at least claim 1 of the `345 Patent, either literally or under the doctrine of equivalents.

### Indirect Infringement

#### a)   Induced Infringement

31.     JSI has had actual knowledge of the `345 Patent at least since the filing of this lawsuit.

32.     Upon information and belief, JSI knew of, or was willfully blind towards, the `345 Patent since at least August 2013, when the `345 Patent was cited as a prior art reference during prosecution of U.S. Patent No. 8,893,193 (the "`193 Patent"), which is purportedly owned by JSI.

33.     Upon information and belief, Chung L. Chang is the sole inventor of the `193 Patent.

34.     Mr. Chang is the President of JSI and a principal involved in the formation of JSI.

35.     Mr. Chang is a shareholder and at least part owner of JSI.

36.     JSI is a closely-held, family owned and operated business.

37.     Upon information and belief, Mr. Chang is the sole inventor on numerous U.S. Patents owned by JSI that relate to the Accused Video Systems that may be used in vehicles which are the subject of this action and thus is intimately aware of patents in this field.

38.     Upon information and belief, by way of Mr. Chang's involvement with JSI, Mr. Chang's ownership interest in JSI, Mr. Chang being listed as the sole inventor on the `193 Patent that

cited the `345 Patent as being known prior art to JSI, Johnson alleging in a related action that VOXX is a direct competitor of JSI, JSI knew of, or was willfully blind towards, the `345 Patent since at least August 2013.

39.     Since becoming aware of, or willfully blind towards, the `762 Patent, JSI's advertising, sales, instructions, and/or installation in relation to the Accused Video Systems have intentionally, actively, knowingly, and willfully contained and continue to contain instructions, directions, suggestions, and/or invitations that intentionally, actively, and knowingly invite, entice, lead on, influence, encourage, prevail on, move by persuasion, cause, and/or influence the public, JSI's distributors, retailers and/or customers to, at least, make, use, sell, offer to sell, and/or import one or more of the Accused Video Systems to practice the inventions claimed in the `345 Patent, and thus directly infringe at least claim 1 of the `345 Patent, either literally or under the doctrine of equivalents.

40.     Since becoming aware of, or being willfully blind towards, the `345 Patent, JSI knew or should have known that the public's, distributor's, retailer's, and/or customer's acts relative to the Accused Video Systems practice the inventions claimed in the `345 Patent, directly infringe, either literally or under the doctrine of equivalents, at least claim 1 of the `345 Patent.

41.     For these reasons, JSI is liable for inducing infringement of at least claim 1 of the `345 Patent.

b)  Contributory Infringement

42.     At least for the reasons set forth above, JSI has had actual know of, or was willfully blind towards, the `345 Patent.

43.     Since becoming aware of, or being willfully blind towards, the `345 Patent, JSI has intentionally, actively, and knowingly sold and offered to sell the Accused Video Systems within the United States, or imported the Accused Video Systems into the United States.

44.     The Accused Video Systems are a component of a patented machine, manufacture, and/or combination because the Accused Video Systems meet at least one element of at least claim 1 of the `345 Patent, either literally or under the doctrine of equivalents.

45.     The Accused Video Systems are a material part of the invention of at least claim 1 of the `345 Patent, either literally or under the doctrine of equivalents, because the majority of the elements of claim 1 are present in the Accused Video Systems, either literally or under the doctrine of equivalents, and lack a substantial non-infringing use.

46.     The Accused Video Systems are especially made or especially adapted for use in an infringement, at least because of the act of using in any manner, making, selling, offering to sell, or importing one or more of the Accused Video Systems when not used in a vehicle, as well as the act of using one or more of the Accused Video Systems in a vehicle, are both a direct infringement of at least claim 1 of the `345 Patent, either literally or under the doctrine of equivalents.

47.     Since becoming aware of, or being willfully blind towards, the `345 Patent, JSI was willfully blind or knew that the Accused Video Systems were especially made or especially adapted for use in an infringement.

48.     The Accused Video Systems are not a staple article or commodity of commerce suitable for substantial non-infringing use because the Accused Video Systems themselves meet every element of at least claim 1 of the `345 Patent, either literally or under the doctrine of equivalents,

and thus cannot be used, sold, offered for sale, or imported without infringing at least claim 1 of the `345 Patent, either literally or under the doctrine of equivalents.

49.     Since becoming aware of, or willfully blind towards, the `345 Patent, JSI was willfully blind or knew that the Accused Video Systems were not a staple article or commodity of commerce suitable for substantial non-infringing use.

50.     By selling, offering to sell, and/or importing into the United States one or more of the Accused Video Systems and/or components thereof, JSI has contributed toward the infringement by the public, distributors, retailers, and customers who would use one or more of the Accused Video Systems in a vehicle, or otherwise import, make, use, sell, offer to sell, lease, and/or offer to lease one or more of the Accused Video Systems, and thus directly infringe at least claim 1 of the `345 Patent, either literally or under the doctrine of equivalents.

51.     For these reasons, JSI is a contributory infringer of at least claim 1 of the `345 Patent, either literally or under the doctrine of equivalents.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 8,255,958

52.     VOXX repeats and realleges each and every averment contained in paragraphs 1-51 above as though fully set forth herein.

53.     JSI has been and is now making, using, selling, offering for sale within the United States, and/or importing into the United States, at least the following video systems: KHDM7, and upon information and belief other video systems (see e.g. - https://www.youtube.com/watch?v=_JiEazY0wlE ) (collectively the "Second Accused Video Systems"), that upon information and belief infringe one or more claims of the `958 Patent.

### Direct Infringement

54.      JSI has directly infringed and continues to directly infringe at least claim 1 of the `958 Patent, either literally or under the doctrine of equivalents.

### Indirect Infringement

#### a) Induced Infringement

55.      JSI has had actual knowledge of the `958 Patent at least since the filing of this lawsuit.

56.      Upon information and belief, JSI knew of, or was willfully blind towards, the `958 Patent since at least August 2013, when the `345 Patent was cited as a prior art reference during prosecution of the `193 Patent, which is purportedly owned by JSI.

57.      Upon information and belief, Chung L. Chang is the sole inventor of the `193 Patent.

58.      Mr. Chang is the President of JSI and a principal involved in the formation of JSI.

59.      Mr. Chang is a shareholder and at least part owner of JSI.

60.      JSI is a closely-held, family owned and operated business.

61.      Upon information and belief, Mr. Chang is the sole inventor on numerous U.S. Patents owned by JSI that relate to the Second Accused Video Systems that may be used in vehicles which are the subject of this action and thus is intimately aware of patents in this field.

62.      Upon information and belief, by way of Mr. Chang's involvement with JSI, Mr. Chang's ownership interest in JSI, Mr. Chang being listed as the sole inventor on the `193 Patent that cited the `958 Patent as being known prior art to JSI, Johnson alleging in a related action that VOXX is a direct competitor of JSI, JSI knew of, or was willfully blind towards, the `958 Patent since at least August 2013.

63.      Since becoming aware of, or willfully blind towards, the `958 Patent, JSI's advertising, sales, instructions, and/or installation in relation to the Second Accused Video Systems have

intentionally, actively, knowingly, and willfully contained and continue to contain instructions, directions, suggestions, and/or invitations that intentionally, actively, and knowingly invite, entice, lead on, influence, encourage, prevail on, move by persuasion, cause, and/or influence the public, JSI's distributors, retailers and/or customers to, at least, make, use, sell, offer to sell, and/or import one or more of the Second Accused Video Systems to practice the inventions claimed in the `958 Patent, and thus directly infringe at least claim 1 of the `958 Patent, either literally or under the doctrine of equivalents.

64.     Since becoming aware of, or being willfully blind towards, the `958 Patent, JSI knew or should have known that the public's, distributor's, retailer's, and/or customer's acts relative to the Second Accused Video Systems practice the inventions claimed in the `958 Patent, directly infringe, either literally or under the doctrine of equivalents, at least claim 1 of the `958 Patent.

65.     For these reasons, JSI is liable for inducing infringement of at least claim 1 of the `958 Patent.

### b) Contributory Infringement

66.     At least for the reasons set forth above, JSI has had actual know of, or was willfully blind towards, the `958 Patent.

67.     Since becoming aware of, or being willfully blind towards, the `958 Patent, JSI has intentionally, actively, and knowingly sold and offered to sell the Second Accused Video Systems within the United States, or imported the Second Accused Video Systems into the United States.

68.     The Second Accused Video Systems are a component of a patented machine, manufacture, and/or combination because the Second Accused Video Systems meet at least one element of at least claim 1 of the `958 Patent, either literally or under the doctrine of equivalents.

69.     The Second Accused Video Systems are a material part of the invention of at least claim 1 of the `958 Patent, either literally or under the doctrine of equivalents, because the majority of the elements of claim 1 are present in the Second Accused Video Systems, either literally or under the doctrine of equivalents, and lack a substantial non-infringing use.

70.     The Second Accused Video Systems are especially made or especially adapted for use in an infringement, at least because of the act of using in any manner, making, selling, offering to sell, or importing one or more of the Second Accused Video Systems when not used in a vehicle, as well as the act of using one or more of the Second Accused Video Systems in a vehicle, are both a direct infringement of at least claim 1 of the `958 Patent, either literally or under the doctrine of equivalents.

71.     Since becoming aware of, or being willfully blind towards, the `958 Patent, JSI was willfully blind or knew that the Second Accused Video Systems were especially made or especially adapted for use in an infringement.

72.     The Second Accused Video Systems are not a staple article or commodity of commerce suitable for substantial noninfringing use because the Second Accused Video Systems themselves meet every element of at least claim 1 of the `958 Patent, either literally or under the doctrine of equivalents, and thus cannot be used, sold, offered for sale, or imported without infringing at least claim 1 of the `958 Patent, either literally or under the doctrine of equivalents.

73.     Since becoming aware of, or willfully blind towards, the `958 Patent, JSI was willfully blind or knew that the Second Accused Video Systems were not a staple article or commodity of commerce suitable for substantial noninfringing use.

74.     By selling, offering to sell, and/or importing into the United States one or more of the Second Accused Video Systems and/or components thereof, JSI has contributed toward the

infringement by the public, distributors, retailers, and customers who would use one or more of the Second Accused Video Systems in a vehicle, or otherwise import, make, use, sell, offer to sell, lease, and/or offer to lease one or more of the Second Accused Video Systems, and thus directly infringe at least claim 1 of the `958 Patent, either literally or under the doctrine of equivalents.

75.     For these reasons, JSI is a contributory infringer of at least claim 1 of the `958 Patent, either literally or under the doctrine of equivalents.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 9,114,745

76.     VOXX repeats and realleges each and every averment contained in paragraphs 1-75 above as though fully set forth herein.

77.     JSI has been and is now making, using, selling, offering for sale within the United States, and/or importing into the United States, at least the following video systems: KHDM7, and upon information and belief other video systems (collectively the "Third Accused Video Systems"), that upon information and belief infringe one or more claims of the `745 Patent.

### Direct Infringement

78.     JSI has directly infringed and continues to directly infringe at least claim 1 of the `745 Patent, either literally or under the doctrine of equivalents.

### Indirect Infringement

a)  Induced Infringement

79.     JSI has had actual knowledge of the `745 Patent at least since the filing of this lawsuit.

80.     Upon information and belief, JSI has had actual knowledge of the `745 Patent prior to the filing of the present suit.

81.    Since becoming aware of, or willfully blind towards, the `745 Patent, JSI's advertising, sales, instructions, and/or installation in relation to the Third Accused Video Systems have intentionally, actively, knowingly, and willfully contained and continue to contain instructions, directions, suggestions, and/or invitations that intentionally, actively, and knowingly invite, entice, lead on, influence, encourage, prevail on, move by persuasion, cause, and/or influence the public, JSI's distributors, retailers and/or customers to, at least, make, use, sell, offer to sell, and/or import one or more of the Third Accused Video Systems to practice the inventions claimed in the `745 Patent, and thus directly infringe at least claim 1 of the `745 Patent, either literally or under the doctrine of equivalents.

82.    Since becoming aware of, or being willfully blind towards, the `745 Patent, JSI knew or should have known that the public's, distributor's, retailer's, and/or customer's acts relative to the Third Accused Video Systems practice the inventions claimed in the `745 Patent, directly infringe, either literally or under the doctrine of equivalents, at least claim 1 of the `745 Patent.

83.    For these reasons, JSI is liable for inducing infringement of at least claim 1 of the `745 Patent.

b)    Contributory Infringement

84.    At least for the reasons set forth above, JSI has had actual know of, or was willfully blind towards, the `745 Patent.

85.    Since becoming aware of, or being willfully blind towards, the `745 Patent, JSI has intentionally, actively, and knowingly sold and offered to sell the Third Accused Video Systems within the United States, or imported the Third Accused Video Systems into the United States.

86.     The Third Accused Video Systems are a component of a patented machine, manufacture, and/or combination because the Third Accused Video Systems meet at least one element of at least claim 1 of the `745 Patent, either literally or under the doctrine of equivalents.

87.     The Third Accused Video Systems are a material part of the invention of at least claim 1 of the `745 Patent, either literally or under the doctrine of equivalents, because the majority of the elements of claim 1 are present in the Third Accused Video Systems, either literally or under the doctrine of equivalents, and lack a substantial non-infringing use.

88.     The Third Accused Video Systems are especially made or especially adapted for use in an infringement, at least because of the act of using in any manner, making, selling, offering to sell, or importing one or more of the Third Accused Video Systems when not used in a vehicle, as well as the act of using one or more of the Third Accused Video Systems in a vehicle, are both a direct infringement of at least claim 1 of the `745 Patent, either literally or under the doctrine of equivalents.

89.     Since becoming aware of, or being willfully blind towards, the `745 Patent, JSI was willfully blind or knew that the Third Accused Video Systems were especially made or especially adapted for use in an infringement.

90.     The Third Accused Video Systems are not a staple article or commodity of commerce suitable for substantial noninfringing use because the Third Accused Video Systems themselves meet every element of at least claim 1 of the `745 Patent, either literally or under the doctrine of equivalents, and thus cannot be used, sold, offered for sale, or imported without infringing at least claim 1 of the `745 Patent, either literally or under the doctrine of equivalents.

91.     Since becoming aware of, or willfully blind towards, the `745 Patent, JSI was willfully blind or knew that the Third Accused Video Systems were not a staple article or commodity of commerce suitable for substantial non-infringing use.

92.     By selling, offering to sell, and/or importing into the United States one or more of the Third Accused Video Systems and/or components thereof, JSI has contributed toward the infringement by the public, distributors, retailers, and customers who would use one or more of the Third Accused Video Systems in a vehicle, or otherwise import, make, use, sell, offer to sell, lease, and/or offer to lease one or more of the Third Accused Video Systems, and thus directly infringe at least claim 1 of the `745 Patent, either literally or under the doctrine of equivalents.

93.     For these reasons, JSI is a contributory infringer of at least claim 1 of the `745 Patent, either literally or under the doctrine of equivalents.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 9,348,368

94.     VOXX repeats and realleges each and every averment contained in paragraphs 1-93 above as though fully set forth herein.

95.     JSI has been and is now making, using, selling, offering for sale within the United States, and/or importing into the United States, at least the following video systems: KHDM7, and upon information and belief other similar video systems (collectively the "Fourth Accused Video Systems"), that upon information and belief infringe one or more claims of the `368 Patent.

### Direct Infringement

96.     JSI has directly infringed and continues to directly infringe at least claim 1 of the `368 Patent, either literally or under the doctrine of equivalents.

**Indirect Infringement**

a) Induced Infringement

97.     JSI has had actual knowledge of the `368 Patent at least since the filing of this lawsuit.

98.     Upon information and belief, JSI has had actual knowledge of the `368 Patent prior to the filing of the present suit.

99.     Since becoming aware of, or willfully blind towards, the `368 Patent, JSI's advertising, sales, instructions, and/or installation in relation to the Fourth Accused Video Systems have intentionally, actively, knowingly, and willfully contained and continue to contain instructions, directions, suggestions, and/or invitations that intentionally, actively, and knowingly invite, entice, lead on, influence, encourage, prevail on, move by persuasion, cause, and/or influence the public, JSI's distributors, retailers and/or customers to, at least, make, use, sell, offer to sell, and/or import one or more of the Fourth  Accused Video Systems to practice the inventions claimed in the `368 Patent, and thus directly infringe at least claim 1 of the `368 Patent, either literally or under the doctrine of equivalents.

100.    Since becoming aware of, or being willfully blind towards, the `368 Patent, JSI knew or should have known that the public's, distributor's, retailer's, and/or customer's acts relative to the Fourth Accused Video Systems practice the inventions claimed in the `368 Patent, directly infringe, either literally or under the doctrine of equivalents, at least claim 1 of the `368 Patent.

101.    For these reasons, JSI is liable for inducing infringement of at least claim 1 of the `368 Patent.

b) Contributory Infringement

102.    At least for the reasons set forth above, JSI has had actual know of, or was willfully blind towards, the `368 Patent.

103.    Since becoming aware of, or being willfully blind towards, the `368 Patent, JSI has intentionally, actively, and knowingly sold and offered to sell the Fourth Accused Video Systems within the United States, or imported the Fourth Accused Video Systems into the United States.

104.    The Fourth Accused Video Systems are a component of a patented machine, manufacture, and/or combination because the Fourth Accused Video Systems meet at least one element of at least claim 1 of the `368 Patent, either literally or under the doctrine of equivalents.

105.    The Fourth Accused Video Systems are a material part of the invention of at least claim 1 of the `368 Patent, either literally or under the doctrine of equivalents, because the majority of the elements of claim 1 are present in the Fourth Accused Video Systems, either literally or under the doctrine of equivalents, and lack a substantial non-infringing use.

106.    The Fourth Accused Video Systems are especially made or especially adapted for use in an infringement, at least because of the act of using in any manner, making, selling, offering to sell, or importing one or more of the Fourth Accused Video Systems when not used in a vehicle, as well as the act of using one or more of the Fourth Accused Video Systems in a vehicle, are both a direct infringement of at least claim 1 of the `368 Patent, either literally or under the doctrine of equivalents.

107.    Since becoming aware of, or being willfully blind towards, the `368 Patent, JSI was willfully blind or knew that the Fourth Accused Video Systems were especially made or especially adapted for use in an infringement.

108.    The Fourth Accused Video Systems are not a staple article or commodity of commerce suitable for substantial noninfringing use because the Fourth Accused Video Systems themselves meet every element of at least claim 1 of the `368 Patent, either literally or under the doctrine of

equivalents, and thus cannot be used, sold, offered for sale, or imported without infringing at least claim 1 of the `368 Patent, either literally or under the doctrine of equivalents.

109.     Since becoming aware of, or willfully blind towards, the `368 Patent, JSI was willfully blind or knew that the Fourth Accused Video Systems were not a staple article or commodity of commerce suitable for substantial non-infringing use.

110.     By selling, offering to sell, and/or importing into the United States one or more of the Fourth Accused Video Systems and/or components thereof, JSI has contributed toward the infringement by the public, distributors, retailers, and customers who would use one or more of the Fourth Accused Video Systems in a vehicle, or otherwise import, make, use, sell, offer to sell, lease, and/or offer to lease one or more of the Fourth Accused Video Systems, and thus directly infringe at least claim 1 of the `368 Patent, either literally or under the doctrine of equivalents.

111.     For these reasons, JSI is a contributory infringer of at least claim 1 of the `368 Patent, either literally or under the doctrine of equivalents.

## RESERVATION TO ASSERT ADDITIONAL COUNTERCLAIMS

VOXX hereby expressly reserves the right to assert additional counterclaims against JSI. VOXX is continuing to conduct a detailed analysis of its patent portfolio to determine additional patents that should be asserted in this action against products sold by JSI.  VOXX's investigation is ongoing and should be complete in the near future and once complete, VOXX will seek leave to file an amended complaint to assert additional patents in this action.

## DEMAND FOR JURY TRIAL

VOXX demands a trial by jury of any and all causes of action.

## PRAYER

WHEREFORE, VOXX prays for the following:

(a) Entry of a judgment adjudging that Johnson has infringed the `345 Patent, `958 Patent, `745 Patent, and `368 Patent;

(b) Entry of a judgment that permanently restrains and enjoins JSI, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, subsidiaries, parents, and those persons in active concert or participation with any of them, from directly and/or indirectly infringing the `345 Patent, `958 Patent, `745 Patent, and `368 Patent;

(c) Entry of a judgment awarding damages pursuant to 35 U.S.C. § 284 sufficient to compensate VOXX for JSI's past infringement and any continuing and/or future infringement up until the date JSI is permanently enjoined from further infringement, including compensatory damages;

(d) Entry of a judgment assessing pre-judgment and post-judgment interests and costs against JSI, together with an award of such interests and costs, in accordance with 35 U.S.C. § 284;

(e) A declaration that this is an exceptional case and an award to VOXX of its attorneys' fees and expenses to 35 U.S.C. § 285;

(f) An award to VOXX of its costs of suit; and

(g) All such other relief as the Court may deem just and proper.

Dated: July 1, 2016                          Respectfully submitted,


                                             Dean E. McConnell Atty. No. 20254-49
                                             INDIANO & MCCONELL
                                             9795 Crosspoint Blvd., Suite 185
                                             Indianapolis, IN  46256

                                             Phone:  (317) 912-1331
                                             Email:  dean@im-iplaw.com

                                             Attorneys for VOXX International Corp.