UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VOXX INTERNATIONAL CORP., and ROSEN ENTERTAINMENT SYSTEMS, LLP, <br><br> Plaintiffs, <br><br> vs. <br><br> JOHNSON SAFETY, INC., <br><br> Defendant. | No. 1:16-cv-01780-LJM-MJD |

## ORDER ON DEFENDANT'S MOTION TO DISMISS AND MOTION TO TRANSFER

This matter comes before the Court on Defendant's, Johnson Safety, Inc. ("JSI"), combined Motion to Dismiss and Motion to Transfer. Dkt. No. 31. For the reasons set forth below, the Court **GRANTS** JSI's Motion to Transfer to the Central District of California. In light of this transfer of venue, the Court reserves judgment on JSI's Motion to Dismiss for the Central District of California.

### I. BACKGROUND

Plaintiff Voxx International Corporation ("Voxx"), entered into a Patent License Agreement (the "Agreement") with Plaintiff Rosen Entertainment Systems, LLP ("Rosen") on September 1, 2003, for the use of certain patents involving automotive overhead entertainment display systems, including U.S. Patent Nos. 6,124,902, 6,157,418, 6,115,086, and 6,246,449 (collectively, the "Rosen Patents"). *See generally*, Dkt. No. 32, Ex. A.

On July 1, 2016, Voxx filed its Complaint against JSI, claiming that JSI infringed upon Voxx's patents, U.S. Patent Nos. 7,653,345, 8,255,958, 9,114,745, and 9,348,368.

1

Dkt. No. 1. On August 23, 2016, Voxx filed its First Amended Complaint, which removed Voxx's claims in relation to U.S. Patent No. 7,653,345,[1] added infringement claims in relation the Rosen Patents, and named Rosen as a plaintiff to this action. Dkt. No. 24.

JSI filed its Motion to Dismiss and Motion to Transfer on September 20, 2016. Dkt. Nos. 31 & 32. JSI seeks dismissal of Voxx's Rosen Patent claims on the grounds that Voxx lacks standing to bring such claims against JSI.[2] Dkt. No. 32 at 5-17. In response, Voxx asserts that it has sufficient standing because JSI infringed on Voxx's exclusive rights under the PLA and because Rosen was properly joined as a plaintiff.[3] Dkt. No. 45 at 7-19.

JSI also seeks transfer of this action to the Central District of California under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice. Dkt. No. 32 at 20-30. Specifically, JSI asserts that transfer is necessary because (1) none of the parties, including Voxx, are based in Indiana; (2) the Central District of California has a greater interest in litigating this action as the home forum of JSI and

---

[1] Voxx's claims related to Patent Nos. 8,255,958 and 9,348,368 were later dismissed by stipulation. Dkt. Nos. 29 & 30. Therefore, the only patent originally addressed in the Complaint that remains at issue is Patent No. 9,114,745.

[2] As an alternative to its standing arguments, JSI argues that Voxx's claims of infringement of the Rosen Patents with regard to JSI's products KHDM7 and AMSA104 must be dismissed because Voxx failed to plead specific facts in relation to those products. Dkt. No. 32 at 18-19. Voxx concedes that its allegations in its Amended Complaint incorrectly identified JSI's KHDM7 as a product infringing on the Rosen Patents. Dkt. No. 45 at 19. Voxx requests that the Court grant it leave to modify its allegations with regard to the KHDM7 product to instead refer to JSI's SDM 107, 108, and 109 products. *Id.* Voxx also asserts that because JSI's AMSA104 product is a private label variant of JSI's SDM105 product, Voxx's references to the SDM105 product in its Amended Complaint apply with equal force to the AMDA104 product. *Id.*

[3] Voxx asserts that naming Rosen as a plaintiff in the First Amended Complaint constitutes proper joinder of Rosen because the Agreement permits Voxx to file suit in Rosen's name and to join Rosen as a plaintiff to such a lawsuit. *See* Dkt. No. 45 at 11.

Rosen; (3) all allegations of wrongdoing occurred in the Central District of California; (4) most of JSI's anticipated witnesses and exhibits are in the Central District of California; and (5) the Central District of California could administer this action more efficiently. *Id.*

Additionally, JSI claims that such a transfer is necessary because this action is very similar to another pending patent infringement case in the Central District of California, Cause No. 5:14-cv-02591-ODW (DTB), involving the same parties and issues (the "California Litigation"). *Id.* at 21-22, 29. In the California Litigation, JSI filed suit against Voxx, as well as two of Voxx's subsidiaries, for infringement on five of JSI's patents. *Id.* at 21-22. Voxx then filed a counterclaim against JSI, asserting that JSI infringed on five of its patents, for a total of ten patents-in-suit in the California Litigation. *Id.* at 22. One of the patents-in-suit in the California Litigation, U.S. Patent No. 7,245,274, is a parent-patent to U.S. Patent No. 9,114,745, which is at issue in this action. *Id.* at 29. The California Litigation has been pending for over two years, has already conducted extensive discovery, and has undergone claims construction proceedings for its patents-in-suit. *Id.* at 21-22.

In response to JSI's Motion to Transfer, Voxx argues that, although it is a Delaware corporation with is principal place of business located in Florida, it has a substantial presence in the State of Indiana and that its choice of forum is entitled to significant weight. Dkt. No. 45 at 24-25 (citing *Nagle v. Hartford Life & Accident Ins. Co.*, No. 15-cv-6073, 2015 WL 9268420 (N.D. Ill. Dec. 21,2015); *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 663-64 (7th Cir. 2003); *Vandeveld v. Christopher*, 877 F. Supp. 1160, 1167 (N.D. Ill.

1995)). Voxx further asserts that JSI has not demonstrated that the Central District of California clearly presents a more convenient forum for this action.[4] *Id.* at 20-27.

## II. **STANDARD**

Under 28 U.S.C. § 1404(a), a district court may transfer an action to any other district or division where the action could have been brought or to which the parties consent "[f]or the convenience of the parties and witnesses [and] in the interest of justice." Such a transfer under 28 U.S.C. § 1404(a) is appropriate only "when the moving party establishes that (1) venue is proper in the transferor district; (2) venue and jurisdiction are proper in the transferee district; and (3) the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interest of justice." *Comm'ning Agents, Inc. v. Long*, 187 F. Supp. 3d 980, 2016 WL 2866053, at *3 (S.D. Ind. 2016) (citing *RCA Trademark Mgmt. S.A.S. v. VOXX Int'l Corp.*, No. 1:14-CV-88-TWP, 2014 WL 3818289, at *2 (S.D. Ind. Aug. 4, 2014); *State Farm Mut. Auto. Ins. Co. v. Bussell*, 939 F. Supp. 646, 651 (S.D. Ind. 1996)). The interest of justice element "relates to the efficient administration of the court system rather than the merits of the underlying dispute." *Long*, 2016 WL 2866053 at *7. Factors considered in determining what is in the interest of justice include (1) "the likely speed to trial in each forum"; (2) "each forum's familiarity with the relevant law"; and (3) "the relationship of each forum to the controversy, particularly

---

[4] Voxx claims that if the Court were inclined to transfer this action, the Middle District of Florida, where Voxx's corporate headquarters are located, would present the most convenient forum. However, Voxx provides no further argument as to why the Middle District of Florida is the most convenient forum, and therefore, its claim to transfer this action to that district is waived. *See Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012).

concerning whether jurors have a financial interest in the case, and whether jurors in one forum are better equipped to apply community standards." *Id.*

The party seeking a transfer of venue "has the burden to establish, by reference to particular circumstances, that the transferee forum is *clearly* more convenient that the transferor forum." *Id.* at *4. Because "[t]he weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude," a trial judge has broad discretion when determining whether to transfer venue. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). *See also, Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986).

### III. ANALYSIS

JSI asserts that the Central District of California presents the most convenient forum for the parties and witnesses and best serves the interest of justice for this action. Dkt. No. 32 at 20-30. The Court agrees with JSI that transfer to Central District of California is necessary for the convenience of the parties and witnesses and in the interest of justice.

First, the Central District of California presents the most convenient forum for the parties involved in this action. Because JSI and Rosen are both California companies with their headquarters located in the Central District of California, Dkt. No. 24 at 2, that district clearly presents a more convenient forum for those parties. Although Voxx accurately claims that a plaintiff's forum selection is generally entitled to some weight, a plaintiff's choice of forum receives less weight when it chooses a venue outside of its home forum. *State Farm,* 939 F. Supp. at 651; *see also Lancer Ins. Co. v. Landers Explosives, Inc.*, No. 3:07-cv-117-RLY-WGH, 2008 WL 3819850, at *7 (S.D. Ind. July 24,

5

2008).  "Where, as here, the chosen forum is not the plaintiff's [state of incorporation or principal place of business], the defendants' place of residence becomes more important in determining the convenience of the parties."  *State Farm*, 939 F. Supp. at 651 (citing *Kendall U.S.A., Inc. v. Cent. Printing Co.*, 666 F. Supp. 1264, 1268 (N.D. Ind. 1987)).  Additionally, while Voxx is registered to do business, has a registered agent, and owns operating facilities in the State of Indiana, Voxx is also registered to do business and has a registered agent in the State of California.  *See Statement of Information (Foreign Corporation)*, STATE OF CALIFORNIA SECRETARY OF STATE (Oct. 3, 2013), https://businesssearch.sos.ca.gov/CBS/Detail.  Therefore, litigating this action in Indiana would likely be no more convenient for Voxx than litigating in California.

The Central District of California is also a more convenient forum for the anticipated witnesses in this action.  While Voxx argues that JSI has not shown the Central District of California to be clearly more convenient for anticipated witnesses because JSI has not specifically identified any non-party witnesses subject to the Central District of California's subpoena power, Dkt. No. 45 at 27, Voxx also has not provided any evidence demonstrating that this Court presents a more convenient forum for any witnesses.  JSI indicated that all of its corporate officers, directors, and employees, as well as all of its other anticipated witnesses with personal knowledge of JSI's alleged infringements, are based either in the Central District California or Taiwan.  Dkt. No. 32 at 26-27; Dkt. No. 33, Ex. B, ¶¶ 7, 22.  Although JSI noted that several non-party witnesses, such as the inventors of patents-in-suit, are located throughout the United States, it indicated that none of those witness are believed to be in Indiana.  Dkt. No. 33, Ex. B, ¶ 22.  Because the Central District of California is a convenient forum for at least some of the anticipated

witnesses and because there is no evidence showing that this district is convenient for any anticipated witnesses, JSI has sufficiently demonstrated that the Central District of California serves as a more convenient forum for the anticipated witnesses in this action.

Furthermore, transfer to the Central District of California is appropriate in the interest of justice. Because the Central District of California has already construed U.S. Patent No. 7,245,274, a parent-patent to U.S. Patent No. 9,114,745 at issue in this action, there would be some potential risk of duplicative litigation if this Court were to interpret U.S. Patent No. 9,114,745. Claim Construction Order at 24-25, *Johnson Safety, Inc. v. Voxx Int'l Corp.,* No. 5:14-cv-02591-ODW (DTB) (C.D. Cal. Nov. 16, 2016). As the home forum of both Rosen and JSI, the Central District of California also has a greater interest in the controversy at issue than the Southern District of Indiana, which is not the home forum of any of the parties.

Additionally, while JSI did not specifically assert that dismissal or transfer of this action is required for lack of personal jurisdiction or improper venue, the declaration of Arthur Chang submitted by JSI, stating that JSI is not registered to do business, has not operated a place of business, and has not otherwise conducted business in Indiana, suggests that transfer may also have been proper on these bases. *See generally*, Dkt. No. 33, Ex. B. However, because transfer of this action to the Central District of California is appropriate under 28 U.S.C. § 1404(a), the Court need not determine whether transfer is necessary for want of jurisdiction or proper venue. *See* 28 U.S.C. §§ 1400(b), 1406(a) & 1631.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** JSI's Motion to Transfer venue to the Central District of California. JSI's Motions to Dismiss remain pending upon transfer to the Central District of California. This case is hereby **TRANSFERRED** to the Central District of California.

IT IS SO ORDERED this 17th day of January, 2017.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Christopher Charles Hagenow
BLACKWELL, BURKE & RAMSEY, P.C.
chagenow@bbrlawpc.com

Alastair J. Warr
FISHER BROYLES LLP
alastair.warr@fisherbroyles.com

Dean E. McConnell
INDIANO & MCCONNELL
dean@im-iplaw.com

Stephen W. Abbott
PREBEG, FAUCETT, & ABBOTT PLLC
sabbott@pfalawfirm.com

Matthew S. Compton, Jr.
PREBEG, FAUCETT, & ABBOTT PLLC
mcompton@pfalawfirm.com